IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Glynndeavin von Fox,** ) | **Case No. 2:16-cv-136-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Charleston Police Department** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the sixth of many civil actions filed recently in this Court,[1] Plaintiff sues the Charleston Police Department. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

**I.  Relevant Law**

**A. Liberal Construction for *Pro se* filings**

This Court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior

to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted Based on Plaintiff's Affidavit

In his IFP motion dated January 14, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that as of January 14, 2016, he had $700.00 in his bank account. (*Id*. ¶ 4). [3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).[4] Plaintiff indicates that he has no expenses for "housing, transportation, utilities, or loan

---

[3]In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

[4] In other IFP motions recently filed in this Court, Plaintiff indicates the $140,000.00 valuation is for "real estate and stocks." *See, e.g.,* D.S.C. Case No. 2:16-cv-181, DE# 3.

payments, or other regular monthly expenses" and has "no debts or other financial obligations." (*Id.* ¶¶ 6, 8).

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which indicates that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id*. at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[5]

### B. The Complaint is Frivolous and Fails to State a Claim

The Complaint is also subject to dismissal because it is both frivolous and fails to state a claim for which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i, ii).[6] The United States Supreme Court has explained that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[5] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

[6] The United States Supreme Court has observed that courts possess the inherent authority to dismiss a frivolous case, even in cases where a plaintiff has paid the filing fee. *Mallard v. U.S. District Court*, 490 U.S. 296, 307-308 (1989).

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S 319, 325 (1989). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *Id*. at 327; *Denton v. Hernandez*, 504 U.S. at 31.

For his "claim," Plaintiff alleges that "on the 13th of January, 2016 I was in an accident on my way to the US District Court House in Charleston, South Carolina." (DE# 1 at 4). He then describes how a police officer arrived and performed "her service to the public." (*Id*.). Plaintiff contends that another cruiser "showed up stopped rolled down his window and once he saw me standing next to the SRT Daimmler-Chrysler Challenger speed (sic) off." (*Id*.). Plaintiff contends that although he had handled the entire encounter in a "calm and normal manner," he nonetheless felt "intimidated by the appearance of another cruiser." (*Id*.). He alleges that "I need to know why I am a threat to the Charleston Police Department as a normal American citizen who is Native American recognized by the State of South Carolina and who is paternally British from the 13th century in Buckinghamshire, UK outside of London, UK." (*Id*. at 5). Plaintiff does not allege that he suffered any harm as a result of this encounter.

Plaintiff's allegations, even when liberally construed, lack an arguable basis in law and in fact, and therefore are patently frivolous. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir.1994) (affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face), *cert. denied*, 514 U.S. 1022 (1995); *Witherspoon v. Berry*, Case No. No. 9:13–2942–MGL-BM, 2015 WL 1790222, *3 (D.S.C. 2015) (observing that the plaintiff's allegations were "so

incomprehensible … that it is unclear what is to be made of them"). The Complaint fails to allege facts that could be reasonably construed as stating a plausible claim under federal law. Even supposing that Plaintiff is trying to bring an action pursuant to 42 U.S.C. § 1983, the Charleston Police Department is not a "person" amenable to suit for purposes of § 1983. *See, e.g., Green v. Murdaugh*, Case No. 5:12–1086–RMG–KDW, 2012 WL 1987764 (D.S.C May 7, 2012), *adopted by* 2012 WL 1987259 (D.S.C., June 4, 2012) ("It is well settled that only 'persons' may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a 'person.' "). In fact, this Complaint may be so "insubstantial" that the Court may lack federal question jurisdiction under 28 U.S.C. § 1331. *See Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (observing that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").[7]

Even liberally construing the Complaint, and taking any nonconlusory allegations are true, this case is subject to summary dismissal. *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were legally and factually frivolous); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (dismissing case because Plaintiff was not entitled to proceed IFP, and because the allegations of the Complaint were frivolous and failed to state a claim for relief).

### C. Plaintiff seeks relief that is unavailable or inappropriate

Finally, the *pro se* Plaintiff seeks relief that is unavailable or inappropriate. He indicates he "would like the court to inquire through the FBI regarding the matter" and that he "would like to receive 500,000 USD in awards, either in real estate in Washington DC, or stock options in

---

[7]No basis for diversity jurisdiction can be discerned from the Complaint.

Starbucks (SBUX) on the NYSE." (DE# 1 at 7, "What I Want the Court to Do"). The Court does not perform discovery on behalf of litigants, and compensatory damages in the form of real estate or shares of stock is not an available form of relief here.

## III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 12, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the *Important Notice* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).